McDougall *v.* Shirley.

A party cannot except to a remark of the court in charging the jury, which appears to have been favorable to his case, and could not be prejudicial to him ; even if the remark was irregular, introducing the private opinion of the judge.

Case, for publishing a libel in a newspaper called " The Gleaner."

The jury returned a verdict for the defendant.

Upon the trial, several exceptions were taken to the rulings and charge of the presiding judge, which are not material to be reported.

The ninth exception was, that in alluding to the motives of the author, the court instructed the jury that they might consider the character of the paper in which this libel was published, as tending to prove bad motives and intention to injure; and remarked, that no one would go to such a sink of a place to procure a publication, unless something ailed him, and he had some bad design. To this the plaintiff excepted.

*Barstow & Hubbard*, for the plaintiff.

*Steele & Pierce*, for the defendant.

Parker, C. J. The reason why the plaintiff should except to the remark of the judge, stated in this case, is not obvious.

It appears from the report of the trial that John Caldwell, the publisher of the Gleaner, was a witness for the plaintiff, and the remark might, by implication, be regarded as not entirely complimentary to him ; but no such application of it is suggested in the exception, and we cannot infer that there was any intention, by means of it,

to impeach the character of the witness, or that any such application was made of it.

But the remark had an obvious bearing in favor of the plaintiff's case. It was part of his case that the publication by the respondent was not justifiable; and the remark in question seems very distinctly to express the opinion, that whoever the party was who procured the publication, the place which he selected for it was evidence that he was actuated by bad motives.

If the verdict had been for the plaintiff, and the exception were by the defendant, it would deserve consideration, whether this bearing upon the motives of the party who caused the publication might not have had its effect upon the verdict.

It appears as if the judge who tried the case had personal opinions which he was not quite careful to exclude from his charge to the jury, and the case may serve as a warning hereafter, even if it is not remarkable for the legal principles involved in it.

*Judgment on the verdict.*